Simon, J.
This is a revocatory action instituted on the following allegations : that the plaintiffs are judgment creditors of Horace Prentice, the first defendant, for the sum of $686, with interest, for which two executions have issued and been returned “ no property found,” so that the debt is still due and unpaid. That at the same term of the District Court, at which the plaintiffs’ judgment was obtained, to wit: on the 18th of April, 1842, said Prentice in open court, confessed judgment for the sum of $20,000, in favor of Maunsel White & Co., which judgment was signed on the same day, bearing ten per cent interest until paid. That said Prentice was insolvent at the time said judgment was confessed by him, and that the said M. White & Co. well knew, that the said Prentice was, at that time, in insolvent circumstances.
They further represent, that the said Prentice intended by the said act of confession, to confer an unjust preference on the said M. White & Co., to the injury of the plaintiffs.' That the property, to wit: lands and slaves, <fcc. belonging to Prentice, was seized and sold in pursuance of said judgment, and M. White became the purchaser thereof, which property is yet in the possession of Prentice; all which was done fraudulently, and for the purpose of conferring an unjust preference over other creditors. That the obligation upon which the said confessed judgment was founded, was extinguished by prescription, and was therefore illegal, fraudulent and collusive between the parties, and could not be revived to the prejudice of Prentice’s other creditors. They, therefore, pray that the judgment and proceedings had by virtue thereof, may be annulled, and set aside as illegal and. unjust, and that the property be decreed to be liable to be seized and sold to satisfy the plaintiffs’ demand, &c.
Prentice answered by pleading the general issue. His co-defendants also pleaded the general issue, admitting that a judgment was by them obtained against their debtor, but denying any fraud in the transaction, or that the debt sued on was prescribed. They further deny, that the sale of Prentice’s property under execution, made to satisfy .their judgment, was fraudulent; and al *143 lege that the same was made in good faith, and vested a good and perfect title in Maunsel White.
The cause was submitted to a jury who found a verdict in fa-ver of the defendants ; whereupon, said verdict having been made' the basis of the judgment of the District Court, the plaintiffs,, after having unsuccessfully attempted to obtain a new trial, took this appeal.
This revocatory action is based upon the alleged facts, that at the time thejudgment of Maunsel White & Co., was confessed and signed, Prentice was, to the knowledge of said creditors, in insolvent circumstances ; that the object of the confession was to give them an undue preference over their debtor’s other creditors; that the debt'upon which the confessed judgment was obtained, was extinguished by prescription ; and that the property, though sold, has never ceased to remain in Prentice’s possession.
The record shows that, on the 18th day of May, 1836, Prentice and Clary executed an act of mortgage in favor of M. White & Co., in which it is declared that, whereas .they, Prentice and Clary, effected an arrangement with Messrs. M. White & Co., whereby the latter have agreed to make and furnish appropriations in money, for the accommodation of Prentice and Clary, to the amount of $20,000, at such times and in such sums not exceeding said amount, as may best suit their convenience, the said Prentice and Clary have executed their obligation for the payment of said sum in favor of the said Maunsel White <fc Co., for the sum of $20,000, «fee., which is secured by a special mortgage on Prentice’s property, described in the act. The said sum of twenty thousand dollars is also declared in said act, to have been appropriated and furnished to Prentice & Clary by Maunsel White & Co.; and to secure the latter against any and all responsibilities and losses whatsoever which they may in any manner sustain by reason of the said appropriations and advances, Horace Prentice declared, that he mortgaged and hypo-thecated with the force and effect of a judgment confessed, to and in favor of M. White & Co., the following described property, &e. Prentice’s wife intervened in the act to renounce her legal and tacit mortgage in favor of the said M. White & Co.
On, the day the mortgage was executed, a note was given to *144 M. White & Co., for the sum of $20,000, dated the same day, and subscribed by H. Prentice and D. G. Clary, in the words following, to wit: “ On the first day of February next, eighteen hundred and thirty-seven, we, Duke G. Clary and Horace Prentice, merchants in the town of Providence, in the parish of Carroll, in the state of Louisiana, &c., do hereby promise and obligate ourselves to pay to Maunsel White & Co., merchants in the city of New Orleans, the sum of twenty thousand dollars with interest, at the rate of ten per cent per annum, from the day on which the said twenty thousand dollars are delivered to us by the said Maunsel White <fc Co., being money borrowed by agreement as per mortgage for the same, of even date herewith.”
It further appears, that on the 18th of April, 1842, a petition was presented by M. White & Co., to the Judge of the District Court, on the aforesaid note and act of mortgage, praying for judgment against H. Prentice for the sum of $20,000 with interest, and for the seizure and sale of the property mortgaged. Service of said petition was acknowledged by the defendant, who confessed judgment in favor of the' plaintiffs, whereupon, judgment was rendered on the sanie day, ordering the property described in the act of mortgage to-be seized and sold according to law. This was done on the ensuing day, and on the 4th of May the execution was levied on all the said mortgaged property, and upon a certain number of slaves, &c.,-which having been regularly advertised for sale, were adjudicated to Maunsel White on the 11th of June, 1842, for an amount sufficient to satisfy the debt and interest due thereon; said amount being two-thirds of the estimation not complained of.
' The parol evidence adduced on the trial, establishes the justness and legitimacy of the debt due to Maunsel White & Co.; nay, there seems to be no dispute as to the existence of said debt, and if there had been any, we think that it is fully and clearly made out by the testimony. It is not pretended that the Sheriff’s proceedings in carrying the execution into effect, were not fairly and legally conducted.
Under the pleadings and the evidence, this case presents on its merits, but two questions for our solution : 1. Was the obligation *145 sued on by M. White & Co., prescribed at the time of the institution of their suit against Prentice?
2. Was their suit brought, and was the judgment confessed, with the fraudulent intent of obtaining an undue preference on Prentice’s property, to the prejudice of his other creditors, he, Prentice, being at the time the proceedings were instituted, in insolvent circumstances?
I. The first question must be answered in the negative. We have already seen that the note or obligation on which M. White .& Co., obtained their judgment, or order of seizure and sale, against Prentice, is not a negotiable instrument. It is a mere written promise on the part of Prentice and Clary to pay a sum of money loaned, or to be loaned to them by the payees, and not transferable by endorsement or delivery. Now, art. 3505 of the Civil Code, on which the plaintiffs rely in support of the prescription which, they say, was applicable to the debt claimed by M. White & Co., provides, that '■'■actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by endorsement or delivery,' are prescribed by five years, reckoning from the day when these engagements were payable.” The terms of this article are too plain and too clear to require any comments. The note or obligation of Prentice and Clary is not payable to order or bearer; it is on its face a simple personal obligation, the payment or performance of which is secured by mortgage, and cannot be extinguished but by the prescription of ten years. Civ. Code, art. 3508. Only five years and two months had run out at the time the proceedings complained of were instituted.
The view we have taken of this first question, renders it useless that we should notice the two first bills of exceptions found in the record ;* but we think, however, that the evidence was properly admitted, for the purpose at least of showing the fairness of the transactions between Prentice and M. White & Co., and the justness of the latter’s demand.
*146 II. Before investigating this point, it is proper that we should dispose of the third bill of exceptions found in the record, taken by the plaintiffs’ counsel to the opinion of the Judge, a quo, refusing to admit evidence “ to prove that H. Prentice, one of the defendants, had made disclosures and admissions in relation to the sale to M. White, out of the presence of White, that would show the fraudulent intention of the parties.” The testimony offered was objected to on the ground that Prentice’s admission could not affect his co-defendants.'
We think the Judge might properly have received- the evidence offered, since although it was not sufficient to show that the purchaser at the Sheriff’s sale, acted from any fraudulent motive, the circumstance of its having no effect against the latter, is not a good objection to the introduction of the testimony ; and because, if no other proof was adduced, so as to establish the allegations of fraud against the appellees, the latter could not have been affected thereby. 2 Mart. N. S. 13. But the plaintiffs having failed to prove any fraudulent intention, on the part of White & Co., in any of their transactions with Prentice, the testimony offered is now without any object or bearing on the cause as against them; it cannot affect their rights as acquired under the Sheriff’s sale,* even supposing the proof of Prentice’s admissions and disclosures, made out of their presence, to go to the extent stated in the bill of exceptions ; and, under the evidence contained in the record, we cannot see that any advantage wouldre-sult in favor of the appellants, by sending the case back to the court, a qua, for the purpose of receiving the proof rejected.
After a careful and attentive perusal of the testimony, which we think, proves conclusively that the debt sued on by White & Co., was a just one, not yet prescribed, and securedJsy a special mortgage on part of the property which was subsequently seized and sold to satisfy it, we have been unable to discover that any fraud was intended by them in the recovery of their said debt. With regard to the tracts of landj the preference complained of already existed, by virtue of the act of mortgage executed at a time *147 when the acts of Prentice could not be suspected ; said act was one, not only importing, but'showing upon its face a confession of judgment. Prentice may, perhaps, have been in insolvent circumstances at the time the judgment was obtained ; but his insolvency,-which is left very uncertain by the evidence, was not a declared and notorious one, and the debt for which the judgment was confessed was not one which could be contested. The debtor did not fail, and it cannot be said that said judgment was obtained within ten days preceding his failure. Civ. Code, art. 3325. Here White & Co., in issuing their execution, acted partly under their act of mortgage. It is true, they caused other property to be seized an’d sold, but all the property seized was not sold; there remained a tract of land unsold after satisfying the execution, and five slaves which had not been seized ; and it was perhaps the duty of the plaintiffs to discuss them, previous to instituting this action. Civ. Code, art. 1968. Furthermore, it is not shown that White &. Co. had any such sufficient knowledge of the state of Prentice’s affairs, as to be enabled to consider him insolvent. It is true, they urged their claim against him, but this is no reasou why it should be inferred that they knew his insolvency ; such knowledge must be brought home to them. Civ. Code, art. 1979. It seems, on the contrary, from the evidence, that on a fair estimation of the property he possessed at the time of the seizure, such property was more than sufficient to cover his debts. Civ. Code, art. 1980. No fraud can hardly exist or be imputed, where the object of the creditor is only to enforce a just and legal right against his debtor; in- such cases, “ the law favors the vigilant,” and if any fraud exist in the proceedings had for the adjustment of those rights, it should be shown. Here the jury thought that the fraud alleged was not made out; the Judge, a quo, was of the same opinion, when he refused to allow a new trial; and we are satisfied that no error has been committed.
With regard to the fact that Prentice continued, after the sale, to remain in possession of the property, the evidence shows that he was employed by White & Co., as their overseer, for a certain salary; that otherwise he had nothing to do with the property; that the title transferred by the Sheriff was a bona fide *148 one; and that Prentice .having been retained by the purchasers to manage the plantation during their absence, his possession became that of his employers. Civ. Code, art. 3396,3398 and 3401. All this is fully explained by the testimony.

Judgment affirmed.

 These bills of exceptions related to the introduction of evidence to prove acknowledgments of the debt by Prentice, within five years preceding the institution of the suit.- — R.

 It appears from the Sheriff’s return that the sale was made to “ Maunsel White, plaintiff in the suit” — not to Maunsel White & Co. — R.